**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Name  Lopez       Jesus
       (Last)     (First)     (Initial)

Prisoner Number  D-37180

Institutional Address  Correctional Training Facility
P.O. Box 689, Soledad, CA 93960-0689

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

Jesus Lopez
(Enter the full name of plaintiff in this action.)

vs.

Ben Curry, Warden (A) et al.

(Enter the full name of respondent(s) or jailor in this action)

Case No. CV 08 2071 WHA (PR)
(To be provided by the clerk of court)

**PETITION FOR A WRIT
OF HABEAS CORPUS**

EXHIBIT BOUND AND LODGED SEPARATELY.

FILED APR 21 2008 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS      - 1 -

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

California Superior Court        County of San Francisco
---                              ---
Court                            Location

(b) Case number, if known ___I20247___

(c) Date and terms of sentence ___17 to life___

(d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)  Yes _X_   No ____

Where?
Name of Institution: ___Correctional Training Facility Soledad, California___
Address: ___P.O. Box 689___

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

___Second Degree Murder___

PET. FOR WRIT OF HAB. CORPUS        - 2 -

1  3. Did you have any of the following?

2     Arraignment:              Yes _X_   No ____

3     Preliminary Hearing:      Yes _X_   No ____

4     Motion to Suppress:       Yes _?_   No _?_

5  4. How did you plead?

6     Guilty ____   Not Guilty _X_   Nolo Contendere ____

7     Any other plea (specify) _____

8  5. If you went to trial, what kind of trial did you have?

9     Jury ____   Judge alone _X_   Judge alone on a transcript ____

10 6. Did you testify at your trial?   Yes _X_   No ____

11 7. Did you have an attorney at the following proceedings:

12    (a) Arraignment                          Yes _X_   No ____

13    (b) Preliminary hearing                  Yes _X_   No ____

14    (c) Time of plea                         Yes _X_   No ____

15    (d) Trial                                Yes _X_   No ____

16    (e) Sentencing                           Yes _X_   No ____

17    (f) Appeal                               Yes ____  No _X_

18    (g) Other post-conviction proceeding     Yes ____  No _X_

19 8. Did you appeal your conviction?          Yes ____  No _X_

20    (a) If you did, to what court(s) did you appeal?

21        Court of Appeal                      Yes ____  No ____

22        Year: _____   Result: _____

23        Supreme Court of California          Yes ____  No ____

24        Year: _____   Result: _____

25        Any other court                      Yes ____  No ____

26        Year: _____   Result: _____

27

28    (b) If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS        - 3 -

|   |   |   |   |   |
|---|---|---|---|---|
| 1 | | petition? | Yes ____ | No ____ |
| 2 | (c) | Was there an opinion? | Yes ____ | No ____ |
| 3 | (d) | Did you seek permission to file a late appeal under Rule 31(a)? | | |
| 4 | | | Yes ____ | No ____ |

5     If you did, give the name of the court and the result:

6     _____

7     _____

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?   Yes _X_   No ____

10     [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11 challenged the same conviction you are challenging now and if that petition was denied or dismissed

12 with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13 for an order authorizing the district court to consider this petition. You may not file a second or

14 subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15 U.S.C. §§ 2244(b).]

16     (a)   If you sought relief in any proceeding other than an appeal, answer the following

17       questions for each proceeding. Attach extra paper if you need more space.

18      I.   Name of Court: __California Superior Court__

19       Type of Proceeding: __Habeas Corpus__

20       Grounds raised (Be brief but specific):

21       a. __G̶O̶V̶E̶R̶N̶O̶R̶   violated due process__

22       b. _____

23       c. _____

24       d. _____

25       Result: __Denied No. 5495__ Date of Result: __10/24/2007__
            see exhibit V section B

26      II.   Name of Court: __California Courts of Appeal__

27       Type of Proceeding: __Habeas Corpus__

28       Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS    - 4 -

|   |   |   |
|---|---|---|
| 1 | | a. Same As Above |
| 2 | | b. |
| 3 | | c. |
| 4 | | d. |
| 5 | | Result: Denied No. A119885    Date of Result: 12/17/2007 |
|   | | see exhibit I |
| 6 | III. | Name of Court: California Supreme Court |
| 7 | | Type of Proceeding: Petition for review |

8   Grounds raised (Be brief but specific):

9   a. Governor violated due process.

10   b.

11   c.

12   d.

13   Result: Denied No. S159508    Date of Result: 3/19/2008

14   IV.   Name of Court: _____

15   Type of Proceeding: _____

16   Grounds raised (Be brief but specific):

17   a.

18   b.

19   c.

20   d.

21   Result: _____ Date of Result: _____

22   (b) Is any petition, appeal or other post-conviction proceeding now pending in any court?

23   Yes ____   No X

24   Name and location of court: _____

25   B. GROUNDS FOR RELIEF

26   State briefly every reason that you believe you are being confined unlawfully. Give facts to
27   support each claim. For example, what legal right or privilege were you denied? What happened?
28   Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS         - 5 -

1  need more space. Answer the same questions for each claim.

2  [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: See proceedings pages.

7  Supporting Facts: see proceeding pages.

11  Claim Two:

13  Supporting Facts:

17  Claim Three:

19  Supporting Facts:

23  If any of these grounds was not previously presented to any other court, state briefly which
24  grounds were not presented and why:
25  Ground was presented to highest State Court
26  and was denied on the merits.

PET. FOR WRIT OF HAB. CORPUS        - 6 -

INTRODUCTION

Petitioner, Jesus Lopez, a prisoner at Correctional Training Facility, State Prison, is filing this pro se petition for writ of habeas corpus. After 21 years of incarceration on petitioner's 17-to-life sentence during which he has exhibited exemplary behavior (fact found by both the Board of Parole Hearings (Board) and the Governor), the Board found he no longer posed a danger to public safety and Granted his parole.

After careful review of petitioner's record during his latest parole consideration hearing held August 10, 2006, the Board having granted parole, determined petitioner's term to be set at 164 months, (13 years 8 months) giving him a release date of April 28, 1999, therefore the Board his release would be due upon their decision being final (120 days Penal Code 3041 et seq.).

The Board's decision became final on December 8, 2006, instead of petitioner's release, petitioner was held pending a belated review by the Governor, who reversed the Boards decision on December 21, 2006 and denied petitioner his release, based solely on the nature and circumstances of the offense petitioner committed over 23 years ago. The reason given by the Governor is not evidence to overturn a finding by the Board that petitioner does not pose a current risk to public safety. Therefore petition should be granted.

BACKGROUND

On October 26, 1983, petitioner retrieved a gun from his car and ultimately shot Robert Barajas and wounded Guadalupe Olmedo. While the specific facts can be disputed, nothing will change the end result of petitioner's actions 23 years ago. The question is, after 21 years of continued incarceration and overwhelming evidence of rehabilitation, and a finding by the Board petitioner does not pose a risk to public safety when parole, allowed to be overturned by the Governor simply because the Governor does not like the crime? Again, nothing in petitioner's record supports any other conclusion then petitioner no longer poses a risk to public safety.

The Board reviewed the offense, length of time served, all information received from the public, and concluded petitioner was suitable for parole and "would not pose an unreasonable risk of danger to society or a threat to public safety" if you're released from prison. See (Exhibit II pg 55) (Exhibits Bound and Submitted Separately).

The Board further found: "with respect to the factors of suitability we noted that you had no juvenile record of assaulting others, that you had a stable social history exhibited by reasonable stable relationships with others. You came from an intact family, large family in Mexico. But while in prison, you've enhanced your ability to function within the law through participation in education programs and the panel noted that although you had a high school diploma from Mexico you took advantage of the opportunity here and achieved a GED while incarcerated. That you've participated in self-help programs. The panel noted and to your credit that you've not only done one program with respect to the alcohol issues, that you've actually done three in a long sustained manner. And that included the 12-step program and multiple other AA programs occurring on different nights of the week. So far as your vocational programs, you did get the vocational certificate in auto mechanics and you also have had institutional job assignments that will provide you opportunities for marketable skills upon your parole. And that includes the time you spent as an electrician, the time that you were in the carpentry and then also the fact that you're now working as a porter with one of the chaplains. The panel noted that the offense could have been committed as a result of significant stress in your life and the indication was that there was a life threatening knife attach that you had previously suffered, that you lacked a significant criminal history of violent crime, (Id. 55-57).

PAROLE PLANS

The Board found: "You've got realistic parole plans. They include a job offer and family support. We know that the family ranch in Mexico is waiting

for you. You have other marketable skills if that doesn't work out or at some point the ranch is no longer to your liking. We also noted that you've got substantial support by virtue of letters. We also noted and reviewed the prior transcript and volumes of letters that were submitted for the hearing of June 10, 2005." (Id. 57).

## INSTITUTIONAL BEHAVIOR

The Board found: "That you've maintained positive institutional behavior, which indicates a significant improvement in self control, and to your credit you have only one 115. This was in 1988 and it was for the offense of not wearing earphones with your radio. Certainly it doesn't come up on the level of violence to any degree at all. That you've shown signs of remorse, that you indicate you understand the nature and magnitude of the offense. You've accepted the responsibility for your criminal behavior and you've demonstrated a desire to change toward good citizenship." (Id. 57-58).

## TERM SETTING

The Board set petitioner's term as follows: "So far as the base term of your confinement, the baseline offense of which you've been convicted is murder in the second degree with the use of a weapon and that's Penal Code section 187 and 12022.5. And the offense occurred on October 26, 1983. The term derived from the matrix located in Title 15 is at 2403(c), it's second degree murder where the offense was committed on or after november 8, 1978. And we find that category III-B is appropriate in that there appeared to be no prior relationship with the victim and death was almost immediate. The panel is assessing 228 months for the base offense and we note that this is the middle term. So far as the total term calculation, again we indicated that the base term is 228 months. The adjustment for the use of the weapon was to take a 12-month period, which is one-half of the 24 months that's designated, giving us a total of 240 months. Post-conviction credits were granted starting from the date the life term started which was August 28, 1986 through today's date August 10, 2006. We

deducted four months for the year of 1988, that was the year you received the 115, giving you total credits of 76 months. That results in a total period of confinement of 164 months so doing the math you've done the time." (Id. 60-61).

The Board noted for the record: "With respect to the parole plans, the panel noted and considered a recent Appellate Court decision In Re Andrade, A-N-D-R-A-D-E, where parole plans are no longer required in California when you have an active INS hold. So I don't want anyone to think that the panel did not consider that in making this decision." (Id. 61).

## GOVERNOR'S REVERSAL DECISION

The Governor's decision, see (Exhibit IV ) agreed with the Board findings regarding suitability factors. The Governor noted that petitioner made no parole plans in San Francisco County, which has been found to be illegal for inmates who have an active INS hold In re Andrade 141 Cal.App. 4th 807.

The Governor noted: "In finding Mr. Lopez suitable for parole, the 2006 Board said "the offense could have been committed as a result of significant stress in your life and the indication was that there was a life threatening knife attack that you had preciously suffered..." But even if Mr. Lopez was under stress when he perpetrated the life offense, I believe that factor, by itself, is presently insufficient to mitigate the nature and circumstances of the murder he committed.

At age 46 now, after being incarcerated for more than 21 years, Mr. Lopez says he accepts responsibility and is remorseful for his actions. But given the current record before me, and after carefully considering the very same factors the Board must consider, I find that the gravity of the murder perpetrated by Mr. Lopez presently outweighs the positive factors. Accordingly, because I believe his release would pose an unreasonable risk of danger to society at this time, I reverse the Board's 2006 decision to grant parole to Mr. Lopez."

Support letters were written to the Governor from members of the Community where petitioner was to parole (Durango, Mexico) (see Ex III   Juan Esteban, a

4

6 d

member of a local AA group, who will assist Petitioner in joining the group. And a letter from Pedro Avila Nevarez, Federal Delegate for the State of Durango, Mexico, who reviewed Petitioner's Offenses, Rehabilitation, age, etc., and found Petitioner suitable to live in his community and ask the Governor of California to parole Petitioner. The Governor does not mention if he even considered these letters from where Petitioner would actual parole.

With the overwhelming evidence to the contrary, the Governor's reason for reversal is not supported by "some evidence" that Petitioner poses an unreasonable risk to public safety.

PETITIONER'S CONTENTION

**GROUND ONE:**

Were Petitioner's State and Federal Due Process right to parole violated by the CALIFORNIA GOVERNOR'S 12/21/2006 reversal of the Board's grant of parole when the GOVERNOR'S decision contains "no evidence" Petitioner "currently" poses an unreasonable risk to public safety if released from prison?

The parole board found Petitioner suitable and granted parole during a hearing held 08/10/2006 see Exhibit "II" (Exhibits submitted and lodged separately).

The Governor reversed the parole boards decision, not because Petitioner failed to meet any suitability factor or meet any of the unsuitability factors, the Governor's only reason to reverse Petitioner's grant of parole was "the offense could have been committed as a result of significant stress in your life and the indication was that there was a life threatening knife attack that you had preciously suffered..." "But even if Mr. Lopez was under stress when he

6e

perpetrated the life offense, I believe that factor, by itself, is presently insufficient to mitigate the nature and circumstances of the murder he committed."

The test is not whether some evidence supports the reasons cited by the Governor for reversing parole, but whether some evidence indicates a parolee's release unreasonably endangers public safety see Hayward v. Marshall, (2008) 512 F.3d 536, 543; In re SINGLER (2008) ___Cal.App.4th___, 2008 Cal.App. LEXIS 408.

Petitioner declares, with the above principle in mind, notwithstanding his crimes (factors he can never change), that the Governor's reason used to justify the reversal of parole contained "no evidence" he would pose an unreasonable risk to public safety if released from prison.

CONCLUSION

WHEREFORE: Notwithstanding the fact that the Governor never stated in his decision that he believed Petitioner would be a danger if released from prison, Petitioner respectfully request this Court review his "record" to determine whether there is "some evidence" that he continues to pose an unreasonable risk to public safety if released from prison. When this Court finds "no" such evidence, then Petitioner ask the Court to GRANT his petition, as the Hayward and Singler Court has done, and being past parole date that was set by the Board, order his immediate release on parole.

I, declare under penalty of perjury that the foregoing is true and correct.

*Jesus Lopez* APRIL 15, 08
Jesus Lopez

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

HAYWARD V. MARSHALL 512 F.3d 536 (2008)

_____

_____

Do you have an attorney for this petition?    Yes____    No _X_

If you do, give the name and address of your attorney:

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on __15 APRIL 2008__          _Jesus Lopez_
        Date                                              JESUS LOPEZ
                                                     Signature of Petitioner

(Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS        - 7 -

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, _____JESUS LOPEZ_____, declare:

I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

_____JESUS LOPEZ_____, CDCR #: D-37180
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: BW-201-LOW
SOLEDAD, CA 93960-0689.

On _April 15, 2008_____, I served the attached:

PETITION FOR WRIT OF HABEAS CORPUS.

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
P.O. BOX 36060
SAN FRANCISCO, CA 94102-9680

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on _April 15, 2008_.

_/s/ Jesus Lopez_
JESUS LOPEZ
Declarant

Jesus Lopez D37180
Correctional Training Facility
P.O. Box 689  BW-201
Soledad, CA. 93960

RECEIVED
APR 17 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

U.S. District Court
Northern District Court
450 Golden Gate Avenue
P.O. Box 36060
San Francisco, CA.
94102-9680

LEGAL MAIL